OPINION
{¶ 1} Appellant, Richard A. Miller, Sr., appeals the judgment of the Ashtabula County Court of Common Pleas, dismissing, with prejudice, his administrative appeal of a decision of the Ohio Department of Health. For the following reasons, we reverse the decision of the court below and remand for further proceedings consistent with this opinion. *Page 2 
 {¶ 2} As of January 2006, Miller was a resident of the Austinburg Nursing and Rehabilitation Center, a long-term care facility/nursing home located in Ashtabula County.[1] At that time, Miller was a forty-two year old, morbidly obese individual, weighing 600 pounds, suffering from an assortment of medical conditions, such as diabetes mellitus, hypertension, lymphedema, and cardiovascular disease.
 {¶ 3} By letter dated August 11, 2006, Austinburg notified Miller of its intent to discharge and transfer him from the facility because his "welfare and needs require that he be placed in a health care setting having a staff psychiatrist and having other resources for treating a person with [his] physical and psychosocial needs." Austinburg proposed transferring Miller to the Cleveland Clinic's Bariatric Unit. See R.C. 3721.13(A)(30)(a) ("[t]he rights of residents of a home shall include * * * [t]he right not to be transferred or discharged from the home unless the transfer is necessary because * * * [t]he welfare and needs of the resident cannot be met in the home").
 {¶ 4} Miller duly challenged the proposed transfer/discharge by requesting a hearing with the Ohio Department of Health. R.C. 3721.161(A) ("Not later than thirty days after the date a resident * * * receives notice of a proposed transfer or discharge * * *, the resident * * * may challenge the proposed transfer or discharge by submitting a written request for a hearing to the state department of health. On receiving the request, the department shall conduct a hearing in accordance with section 3721.162 [3721.16.2] of the Revised Code to determine whether the proposed transfer or discharge complies with division (A)(30) of section 3721.13 of the Revised Code."). *Page 3 
 {¶ 5} On August 28, 2006, hearing examiner Lori A. Mills, conducted a hearing on Miller's challenge to the proposed transfer/discharge.
 {¶ 6} In a Representative's Order, issued on September 7, 2006, Mills denied the proposed transfer/discharge, finding "that the facility has not met the statutory requirements for discharging Richard Miller in a safe and orderly manner with adequate preparation to an accepting facility."
 {¶ 7} Austinburg filed a Motion for Reconsideration of the September 7, 2006 Order.
 {¶ 8} On September 26, 2006, a Representative's Order on Facility's Motion for Reconsideration was issued, granting the proposed transfer/discharge.[2]
 {¶ 9} On October 23, 2006, Miller filed a Notice of Appeal with the Ashtabula County Court of Common Pleas. R.C. 3721.162(D) ("[a] resident * * * may appeal the decision of the department to the court of common pleas pursuant to section 119.12 of the Revised Code"). Miller's Notice of Appeal was served on the Ohio Department of Health and counsel for Austinburg.
 {¶ 10} On January 23, 2007, Miller filed a Plaintiff's Motion to Request the Record, advising the court "that the parties are unable to stipulate to the facts of this case" and moving the court "to Order the Ohio Department of Health to file the Transcript of the Hearing 
Exhibits in this matter."
 {¶ 11} On April 17, 2007, the trial court filed a Judgment Entry, denying various motions made by Miller but not ruling on the Motion to Request the Record. In the *Page 4 
Entry, the court noted that it had "received information from the Plaintiff that he is at the University Manor" in Cleveland, Ohio. The trial court also ordered Miller to provide the court with the following information:
 {¶ 12} "1. Plaintiff shall inform the Court whether he wishes to proceed with his appeal in this matter."
 {¶ 13} "2. If so, is it his desire to be returned to [Austinburg] even though it does not have a bariatric unit, and if so, why?"
 {¶ 14} "3. Does his present location at the University Manor have a bariatric unit and is connected (sic) with what medical facility?"
 {¶ 15} "4. What other remedy does he seek from the Ohio Department of Health and [Austinburg]?"
 {¶ 16} On April 27, 2007, Miller filed a response to the trial court's April 17, 2007 Judgment Entry. Miller informed the court that he wished to proceed with the appeal; that he does seek to be returned to Austinburg despite the lack of a bariatric unit; that University Manor does not have a bariatric unit and is not affiliated with any medical facility; and that he seeks to have Austinburg conduct training and/or awareness campaigns to ensure that "staff are aware of resident's [sic] rights as well as their duty to protect those rights."
 {¶ 17} On December 31, 2007, the trial court filed a Judgment Entry, dismissing Miller's appeal with prejudice on the grounds that "there is not a record for this Court to review concerning the violations claimed by the Plaintiff in his appeal." The court also noted that it "has been made aware of another appeal of a decision of the Ohio Department of Health and in that case denying the discharge of the Plaintiff from the *Page 5 
University Manor and is on appeal in the Common Pleas Court of Cuyahoga County, Ohio."
 {¶ 18} Miller appeals and raises the following assignments of error:
 {¶ 19} "[1.] The Trial Court erred by failing to request the complete record as requested by the Appellant."
 {¶ 20} "[2.] The Trial Court erred by failing to review whether the agency's decision was supported by a preponderance of substantial, reliable and probative evidence."
 {¶ 21} "[3.] The Trial Court abused its discretion by Dismissing this Appeal with Prejudice for Matters unrelated to this Appeal."
 {¶ 22} When reviewing the decision of an administrative agency, "[t]he [trial] court may affirm the order * * * if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12. The role of the appellate court is "to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619,1993-Ohio-122, 621.
 {¶ 23} Miller's first two assignments will be considered jointly. Miller asserts the trial court erred by failing to obtain a complete record of the underlying administrative proceedings and, as a result, dismissing the appeal without determining whether the Department of Health's decision was supported by reliable, probative, and substantial evidence. We agree. *Page 6 
 {¶ 24} Revised Code 119.12 governs the appeal of Department of Health decisions regarding the transfer or discharge of residents from a nursing home. R.C. 3721.162(D). "Within thirty days after receipt of a notice of appeal * * *, the agency shall prepare and certify to the court a complete record of the proceedings in the case." R.C. 119.12.
 {¶ 25} Transfer/discharge hearings "shall be recorded on audiotape, but neither the recording nor a transcript of the recording shall be part of the official record of the hearing." R.C. 3721.162(B). "The department shall not file a transcript of the hearing with the court unless the court orders it to do so. The court shall issue such an order only if it finds that the parties are unable to stipulate to the facts of the case and that the transcript is essential to the determination of the appeal." R.C. 3721.162(D)(4).
 {¶ 26} In the present case, Miller filed his notice of appeal with the Department of Health in accordance with R.C. 3721.162(D)(3) ("[t]he appeal shall be filed with the department * * * within thirty days after the hearing officer's decision is served") and R.C. 119.12 ("[a]ny party desiring to appeal shall file a notice of appeal with the agency").Dayspring of Miami Valley v. Shepherd, 2nd Dist. No. 2006-CA-113,2007-Ohio-2589, at ¶ 15.
 {¶ 27} There is no indication that the Department of Health complied with R.C. 119.12 by certifying a copy of the record to the court of common pleas within thirty days of receipt of the notice of appeal.
 {¶ 28} Miller also moved the trial court to request the record from the Department of Health, including a transcript since the parties were unable to stipulate to the facts of the case. Austinburg did not oppose Miller's motion and the trial court did not rule on it. *Page 7 
Instead, the trial court dismissed the appeal, because "there is not a record for this Court to review concerning the violations claimed by the Plaintiff in his appeal."
 {¶ 29} Since Miller complied with the statutory requirements for filing this administrative appeal, the Department of Health was required to submit a certified copy of the record. No explanation is given for its failure to do so. In these circumstances, the trial court acted arbitrarily in dismissing Miller's appeal when the absence of the record was neither Miller's fault nor responsibility.
 {¶ 30} We emphasize that, although the Department of Health is required to transmit the record under R.C. 119.12, the transcript is not considered a part of the record unless the trial court determines that the transcript is essential to the appeal under R.C. 3721.162(D). In the present case, the record would include both decisions rendered by the Hearing Officer, Austinburg's motion for reconsideration, and the notice of discharge issued by Austinburg. Without any record, in the broad sense, before it, a trial court cannot be expected to decide whether a transcript is essential to the appeal.
 {¶ 31} On January 23, 2007, as noted above, Miller moved the trial court to order the Department of Health to file the transcript, including exhibits, claiming that it was "essential" to the appeal and that he and Austinburg were unable to stipulate to the facts of the case. The trial court never ruled on Miller's motion, but, rather, dismissed the appeal on December 31, 2007, because "there is not arecord for this Court to review concerning the violation claimed by the Plaintiff in his appeal" (emphasis added).
 {¶ 32} We offer no opinion regarding whether a transcript is, in fact, essential to Miller's appeal. That determination cannot be made in the absence of a record. *Page 8 
Pursuant to R.C. 119.12, the Department of Health was required to transmit that record within thirty days of Miller filing his notice of appeal.
 {¶ 33} The first two assignments of error have merit.
 {¶ 34} In the third assignment of error, Miller argues the trial court erred by dismissing his appeal for reasons unrelated to the merits of the appeal, i.e., a pending administrative appeal in Cuyahoga County.
 {¶ 35} We agree that the pending administrative appeal in Cuyahoga County is irrelevant to the merits of the present appeal. However, the trial court did not state that it was dismissing the appeal for that reason but, rather, because there was no record for it to review.
 {¶ 36} The third assignment of error is without merit.
 {¶ 37} For the foregoing reasons, the decision of the Ashtabula County Court of Common Pleas, dismissing, with prejudice, Miller's administrative appeal of a decision of the Ohio Department of Health regarding his transfer/discharge from Austinburg nursing home, is reversed and this cause is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellees.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.
[1] The following statement of facts is taken from the trial court's judgment entries, the parties' filings in the court below, and uncertified copies of the underlying administrative orders attached to the notice of appeal. Although undisputed by the parties, they do not constitute official "findings of fact" determined by the trial court.
[2] It is impossible to determine the hearing officer's basis for granting reconsideration. The Representative's Order proclaims that Austinburg's motion is well-taken "for the reasons stated therein," presumably meaning Austinburg's motion. For reasons discussed more fully below, that motion is not part of the record before us. *Page 1